UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AKOV ORTIZ,<br>      Plaintiff, | :<br>: |
| | :              PRISONER |
| v. | :  CASE NO. 3:11-cv-1793 (SRU) |
| | : |
| LEO C. ARNONE,<br>      Defendant. | :<br>: |

INITIAL REVIEW ORDER

The plaintiff, Akov Ortiz, currently incarcerated, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000). In this action against Commissioner of Correction Leo C. Arnone, Ortiz challenges the department policy banning any printed material containing nudity or sexual activity as violating his First Amendment rights.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S.

544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

At this time, the court concludes that the complaint should be served and the plaintiff should have an opportunity to reply to the defendant's response to his allegations.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The Pro Se Prisoner Litigation Office shall verify the current work address for defendant Arnone with the Department of Correction Office of Legal Affairs. The Pro Se Prisoner Litigation Officer shall mail a waiver of service of process request packet to defendant Arnone at the confirmed addresses within fourteen (14) days of this Order. The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If the defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The Pro Se Prisoner Litigation Office shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendant in his official capacitys at the Office of the

Attorney General, 55 Elm Street, Hartford, CT 06141, within fourteen (14) days from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(3) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) The defendant shall file his response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims. He also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 29th day of November 2011, at Bridgeport, Connecticut.

                                        /s/ Stefan R. Underhill
                                        Stefan R. Underhill
                                        United States District Judge