UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AKOV ORTIZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:11-cv-1793 (SRU) |
| | : | |
| LEO C. ARNONE, | : | |
|     Defendant. | : | |

**RULING ON MOTION FOR EXTENSION OF TIME
AND LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

    The plaintiff, Akov Ortiz, commenced this action on November 16, 2011, challenging the Department of Correction policy banning any printed material depicting nudity or sexual activity. The policy was scheduled to go into effect on June 30, 2012.  Inmates were afforded sufficient notice to dispose of material they possessed and to allow any magazine subscriptions to expire. Ortiz argued that the policy violates his First Amendment rights and should be restricted to sexual offenders.

    The discovery period was extended until August 2012.  No dispositive motions were filed.  On January 14, 2013, the court issued a pretrial order.  Ortiz now seeks leave to file a supplemental complaint.  He wants to add a claim regarding whether particular publications fall within the exception to the policy for materials that "when taken as a whole are literary, artistic, educational or scientific in nature."  Compl. at 8.

    Rule 15(d), Fed. R. Civ. P., affords the court discretion to permit the filing of a supplemental complaint "setting forth transactions or occurrences of events which have happened since the date of the pleading sought to be supplemented.  The legal standard applied to a motion

for leave to file a supplemental complaint is the same standard applied to a motion for leave to amend under section 15(a).  *See Stein v. Janos*, 269 F. Supp. 2d 256, 263 (S.D.N.Y. 2003).  Rule 15(a) provides that permission to amend a complaint "shall be freely given when justice so requires."  The exercise of the court's discretion when considering a motion to amend should be guided by considerations of undue delay, bad faith, prejudice to the opposing party and futility of the amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

A pretrial order has issued and this case is ready for trial.  Allowing a supplemental complaint would require reopening discovery and entail a detailed inquiry into the artistic or literary nature of various publications, a claim distinct from the facial challenge to the policy that is currently before the court.

In addition, the only defendant in this case is former Commissioner of Correction Arnone.  As support for his supplemental claims, Ortiz attaches a copy of an April 2013 notice from the Media Review Board.  No members of the Media Review Board are named as defendants.  If the policy is upheld, the plaintiff can then identify and file an action against whomever is responsible for application of the policy to particular publications.

The plaintiff's motion for leave to file a supplemental complaint [**Doc. #37**] is **DENIED** and his motion for extension of time [**Doc. #36**] is **DENIED** as moot.

**SO ORDERED** at Bridgeport, Connecticut this 17th day of September 2013.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge